UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DURASERV, LLC, d/b/a ACTION
AUTOMATIC DOOR & GATE,

      Plaintiff,

v.                                    Case No:  2:24-cv-996-JLB-KCD

ACTION GARAGE DOOR REPAIR
CORP.,

      Defendant.
_____/

## ORDER

The Magistrate Judge has entered a Report and Recommendation, recommending that Plaintiff DuraServ LLC's Motion for Final Default Judgment and Permanent Injunction as to Counts I–II (Doc. 19) be **GRANTED in part**. (Doc. 21).  No party has objected, and the time to do so has expired.

A district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.

Here, after an independent review of the entire record and noting that no objection has been filed, the Court finds that the thorough and well-reasoned Report and Recommendation is due to be **ADOPTED**.

Accordingly, it is **ORDERED** that:

(1) The Report and Recommendation (Doc. 21) is **ADOPTED** and made a part of this Order for all purposes.

(2) Plaintiff DuraServ, LLC's, Motion for Final Default Judgment and Permanent Injunction as to Counts I–II (Doc. 19) is **GRANTED to the extent that default judgment be entered in favor of Plaintiff and against Defendant on its Lanham Act claim (Count I)**.

(3) A permanent injunction is hereby **ENTERED** enjoining Defendant Action Garage Door Repair Corp. as follows:

   (a) Defendant immediately cease all use of "Action Garage Door Repair," "Action Garage Door," "Action Garage," "Action Door," or any confusingly similar marks or names, including misspellings or variations ("Restricted Marks") in connection with the provision of garage door services, including the design, installation, servicing, and repair of residential garage doors, gates, and commercial overhead doors and equipment ("Restricted Services");

   (b) Defendant remove all signage at any physical location or on any vehicles that include the Restricted Marks;

   (c) Defendant remove all websites, social media accounts, and any other advertising or marketing using the Restricted Marks;

   (d) Defendant refrain from applying for, attempting to register, or registering any trademark, trade name, domain name, company, or

social media account name that consists of or includes the Restricted Marks or any misspelling, derivative, or abbreviation thereof that would likely cause consumer confusion with respect to Plaintiff or its goods or services;

(e) Defendant is enjoined from making any statements or engaging in any conduct that would (i) further infringe on Plaintiff's Mark, (ii) suggest that Defendant is Plaintiff, is approved, sponsored, or affiliated with Plaintiff, or is in any way connected to Plaintiff, or (iii) damage Plaintiff's goodwill or otherwise constitute unfair competition; and

(f) Defendant is enjoined from assisting or authorizing any third party to engage in any of the actions prohibited by the Court's judgment.

(g) Plaintiff's request for entitlement of fees and costs is **GRANTED**. Plaintiff is **DIRECTED** to file a supplemental motion on the amount of fees and costs in compliance with Local Rule 7.01(c).

(h) The Clerk of Court is **DIRECTED** to enter judgment, terminate all deadlines, deny all pending motions as moot, and close the file.

**ORDERED** in Fort Myers, Florida, on April 24, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE