UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DURASERV LLC,

       Plaintiff,

    v.                              Case No. 2:24-cv-996-KCD-DNF

ACTION GARAGE DOOR REPAIR
CORP.,

       Defendant.

_____/

## **ORDER**

This is a trademark infringement action involving the unauthorized use of Plaintiff's mark. (Doc. 1.)[1] Defendant Action Garage Door Repair Corp. failed to appear or defend itself. Thus, the Court entered a default judgment. (Doc. 26.) The Court also held that Plaintiff, as the prevailing party, is entitled to attorney's fees and costs under the Lanham Act, 15 U.S.C. § 1117(a). (Docs. 21, 25.) Plaintiff now moves the Court to determine the amount of fees it can collect. (Doc. 32.) After considering the declaration (Doc. 33) and billing records presented (Doc. 33-2), the Court awards Plaintiff $22,608.25 in attorney's fees.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

## I. Legal Standard

Federal courts calculate a fee award under the Lanham Act using the "lodestar" method, which is found by multiplying the hours reasonably expended by a reasonable hourly rate. *Tiramisu Intern. LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1295 (S.D. Fla. 2010). A reasonable hourly rate is the common rate in the area "for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). An applicant requesting attorney's fees has the burden of showing "that the requested rate is in line with the prevailing market." *Id.* The "relevant market" is "the place where the case is filed." *Am. Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999).

If an applicant seeks to recover non-local rates, "he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id.* This task requires more than simply declaring that outside counsel was required. Demonstrating "only a limited search for local counsel" is not sufficient to show there was no local firm able to take the case. *Wales v. Jack M. Berry, Inc.,* 192 F. Supp. 2d 1313, 1318 (M.D. Fla. 2001).

To arrive at the hours reasonably expended, "excessive, redundant or otherwise unnecessary" hours must be excluded. *Norman*, 836 F.2d at 1301.

Fee applicants must exercise "billing judgment." *Barnes*, 168 F.3d at 428. If they do not exclude unnecessary hours, the court must do it. *Id.*

Finally, "[w]here documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee." *Norman*, 836 F.2d at 1303. In such cases, the court may fix an award based on its own experience and independent judgment. *Id.*; *see also Cameron v. Standard Roofing Sols. LLC*, No. 5:23-CV-305-JSM-PRL, 2024 WL 3344971, at *1 (M.D. Fla. July 9, 2024) ("[T]he Court is an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.").

## II. Discussion

Plaintiff seeks to recover 80.5 hours of work by five attorneys and one librarian. Its motion includes both a declaration from attorney Gregory N. Woods and counsel's billing records to explain this lodestar figure. Also notable, Plaintiff discounted its bills by 10% and omitted charges for a motion that the Court denied as unnecessary. (*See* Doc. 33 ¶ 14, Doc. 31.) These reductions result in a total request of $69,966.41.

### A. Reasonable Hourly Rate

Plaintiff seeks these hourly rates: $1,395 for partner Joshua Dalton; $1,350 for partner Rachelle Dubow; $1,220 for of counsel James Davis; $955

for associate Javier Roldan Cora; $610 for associate Jeffrey Prystowky; and $375 for librarian H. Watson. (Doc. 33-2.) All work at the law firm Morgan Lewis, except for attorney Prystowsky, who works for Loeb & Loeb in New York. (Doc. 33-2 at 33.)

As mentioned, the fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market." *Norman*, 836 F.2d at 1299. Mr. Woods states that he is familiar with the case and attests to the attorneys' respective rates. (Doc. 33 ¶ 26.) He admits that the rates are higher than the prevailing market, but nevertheless reasonable given the attorneys' experience and lack of local attorneys who specialize in trademark and Lanham Act issues. But as the Eleventh Circuit instructs: "Testimony that a given fee is reasonable is . . . unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299*; see also Mraz v. I.C. Sys., Inc.*, No. 2:18-CV-254-FTM-38-NPM, 2021 WL 4086147, at *6 (M.D. Fla. Aug. 23, 2021). With no "mention of prevailing market rates," Mr. Woods' declaration "provides little or no evidentiary support for an award." *Norman*, 836 F.3d at 1304. Plaintiff also submits no evidence demonstrating that it was unable to find local counsel willing to take on the case. *See Barnes*, 168 F.3d at 437.

Plaintiff also argues that hiring these attorneys was necessary because of the case's complexity. (Doc. 33 ¶ 26.) But that argument rings hollow. Plaintiff fails to explain what about the case made it complex. To the contrary,

this case was a run-of-the-mill trademark dispute that *resolved at the default judgment stage*. With no substantive argument or authority offered, the Court does not factor complexity into its analysis.

The Court declines to award the rates requested because they are not consistent with the prevailing market for intellectual property work in Fort Myers. And Plaintiff has presented no competent evidence that the rates sought are reasonable under the circumstances. *See, e.g.*, *Ferrara Candy Co. v. Exhale Vapor LLC*, No. 2:17-CV-512-FTM-38-MRM, 2019 WL 317646, at *2 (M.D. Fla. Jan. 7, 2019).

Because the record is virtually bare as to what constitutes a prevailing market rate, the Court must draw upon "its own knowledge and experience concerning reasonable and proper fees [to] form an independent judgment." *Norman*, 836 F.2d at 1303. We are not bound by the hourly rate Plaintiff paid. Rather, the appropriate figure is the "prevailing market rates in the relevant community," which in this case is the Middle District of Florida, Fort Myers division. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Drawing from its familiarity with these and other intellectual property attorneys who have come before it, and its expertise about the market, the undersigned finds an appropriate hourly rate for partner-level work to be $500, and $325 for associate-level work. These amounts compensate Plaintiff for the type of case but also considers that the matter itself was not overly

complicated, and the merits went uncontested. *See, e.g.*, *Ferrara Candy Co.*, 2019 WL 317646, at *2; *Melikhov v. Drab*, No. 2:19-CV-248-FTM-38-MRM, 2020 WL 7419531, at *3 (M.D. Fla. Mar. 25, 2020).

Plaintiff's motion also seeks to recover .5 hours billed by librarian H. Watson, who researched and retrieved Defendants' address. (Doc. 33-2 at 10.) Like above, this hourly rate is supported by only general declarations of reasonableness, which will not suffice. *Norman*, 836 F.2d at 1299*; Mraz*, 2021 WL 4086147, at *6. Based on the type of work completed by Watson and the prevailing market, her rate is reduced to $100. This aligns with what the Court has previously awarded for support staff work. *See Rabco Corp. v. Steele Plaza, Inc.*, No. 6:16-cv-1858-Orl-40LRH, 2019 WL 2188601, at *9 (M.D. Fla. July 29, 2019).

## B. Reasonable Number of Hours

Turning to the hours reasonably expended, Plaintiff's legal team spent "approximately" 80.5 hours on the case. (Doc. 33 at 7.) Their job mostly involved—as the billing records reflect—drafting the pleadings, verifying allegations, serving Defendant, communicating with the client about court filings, and preparing papers leading to the default judgment. Based on a careful review of the billing statements, a reduction is warranted. (Doc. 33-2.)

"Time spent is reasonable, and thus compensable, if it would be proper to charge the time to a client." *In re Home Depot Inc.*, 931 F.3d 1065, 1087 (11th

6

Cir. 2019). "Courts are not authorized to be generous with the money of others." *Barnes*, 168 F.3d at 428. If the fee applicant does not exercise billing judgment, the court must do it, "cut[ting] the amount of hours for which payment is sought" by "pruning out those that are excessive, redundant, or otherwise unnecessary." *22nd Century Props., LLC v. FPH Props., LLC*, 160 So. 3d 135, 142-43 (Fla. Dist. Ct. App. 2015).

If reductions are warranted, as here, a court may conduct an hour-by-hour analysis, or it may reduce the requested hours by an across-the-board percentage. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The Eleventh Circuit has cautioned that a "request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The essential goal . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Therefore, "courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* "In the final analysis, exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

The time records reveal excessive and unreasonable hours. A line-by-line reduction is impractical here, given the volume of billing, but some examples are worth mentioning. Plaintiff's motion states that it is not seeking fees for Mr. Woods' work, but Morgan Lewis backdoored this time by billing over 10

hours for preparing the default judgment motion and *his declaration*. (Doc. 33-2 at 34.) Plaintiff also billed an hour per page to complete the motion for clerk's default and accompanying declaration. (*Id.*)

All things considered, a 30% across-the-board reduction is warranted. *See Loranger*, 10 F.3d at 781. This is necessary to exclude unreasonable hours and excessive time. *See Hensley*, 461 U.S. at 434. Underlying the Court's consideration is that this case is an ordinary intellectual property suit, lacking complexity, and posing no obviously difficult legal issues. Indeed, this case never made it past the pleading stage. The resulting lodestar is $22,608.25.

| Name | Reduced Rate | Total Hours | Reduced Hours (by 30%) | Amount Due |
|---|---|---|---|---|
| Joshua M. Dalton | $500.00 | 32.60 | 22.82 | $11,410.00 |
| Rachelle A. Dubow | $500.00 | 1.00 | 0.70 | $350.00 |
| James Davis | $500.00 | 3.40 | 2.38 | $1,190.00 |
| Javier Roldán Cora | $325.00 | 29.80 | 20.86 | $6,779.50 |
| Jeffrey Prystowsky | $325.00 | 12.50 | 8.75 | $2,843.75 |
| H. H. Watson | $100.00 | 0.50 | 0.35 | $35.00 |
| Total | | | | $22,608.25 |

### III. Conclusion

Accordingly, it is **ORDERED**:

1.     Plaintiff's Motion for Attorney's Fees and Costs (Doc. 32) is **GRANTED IN PART AND DENIED IN PART**;

2.     The Court arrives at a lodestar amount of **$22,608.25**; and

3.     The **CLERK** is **DIRECTED** to amend the judgment to include $22,608.25 in attorney's fees.

**ORDERED** in Fort Myers, Florida on September 16, 2025.

Kyle C. Dudek
United States District Judge